IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-MC-00003-M

CELESTE G. BROUGHTON, )
)
    Plaintiff, )
)
v. ) **ORDER**
)
)
MR. & MRS. MITTAL, *et al.*, )
)
    Defendants. )

    This matter comes before the court on a Memorandum and Recommendation issued by the Honorable Robert B. Jones, Jr. with respect to an initial review of the Plaintiff's proposed Complaint (DE 1-1) pursuant to 28 U.S.C. § 1915(e)(2)(B). Based on a prefiling injunction governing the Plaintiff's filings, Magistrate Judge Jones recommends that this court deny the Plaintiff leave to file the proposed Complaint. DE 3. On March 26, 2021, Plaintiff filed a motion seeking a three-day extension of time in which to file an objection to the recommendation. DE 6. The court will grant Plaintiff's motion for good cause shown; as such, Plaintiff timely filed her "Reply to Recommendation of Magistrate [Judge] Jones" on March 29, 2021. DE 7.

    A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1).

The court notes first that Plaintiff makes no specific objection(s) to the report, except to decry Judge Jones' citations to case law supporting the dismissal of claims supported by "delusional" factual allegations. In his analysis, Judge Jones does not describe or refer to Plaintiff's claims as "delusional" and, thus, the court will overrule this objection.

Rather, Judge Jones bases his recommendation entirely on his perception that a prefiling injunction prohibits the Plaintiff from filing the proposed Complaint. *See* DE 3. On October 21, 2019, the Honorable Margaret B. Seymour, sitting by designation in the Eastern District of North Carolina (*see* DE 2), issued the following pre-filing injunction against the Plaintiff and co-plaintiff, Robert B. Broughton, Jr.:

PLAINTIFFS ARE HEREBY ENJOINED FROM FILING ANY NEW ACTION OR OTHER FILING IN THIS COURT RELATING TO ANY OF THE CLAIMS, THEORIES, OR CIRCUMSTANCES RELATING TO THEIR PREVIOUSLY DISMISSED STATE AND FEDERAL COURT ACTIONS UNLESS PLAINTIFFS HAVE OBTAINED PRIOR AUTHORIZATION FROM A UNITED STATES DISTRICT JUDGE WHO HAS DETERMINED THAT THE PROPOSED FILING COMPLIES WITH FED. R. CIV. P. 11 AND IS NOT BASED ON THE CLAIMS THEORIES, OR CIRCUMSTANCES UNDERLYING PRIOR STATE OR FEDERAL ACTIONS BROUGHT BY EITHER PLAINTIFF.

*See Broughton v. Gregory*, No. 5:19-CV-00066-S, DE 23 (E.D.N.C. October 21, 2019). Judge Seymour granted the defendant's request for an injunction after finding that "Plaintiffs' complaints have reiterated prior claims that had been decided adversely to Plaintiffs; that many complaints contain spurious allegations accusing members of the judiciary of fraud, conspiracy, fabricating evidence, and other misconduct; that Plaintiffs have ignored prefiling injunctions filed in state court; and that Plaintiffs' actions have unduly burdened the court and litigants." *Id.*; *see also* DE 18 (Judge Seymour lists the previous cases, claims, and allegations filed by Plaintiff).

In light of this injunction, Magistrate Judge Jones recommends that this court deny Plaintiff leave to file the proposed Complaint, asserting that the "complaint in the present case is based on

the prior bankruptcy proceeding and destruction of Plaintiff's home," which were the subjects of the 2019 (and other prior) litigation. DE 3. The court construes Plaintiff's "Reply" as an objection to Judge Jones' finding in this regard.

Following review of the proposed pleading, recommendation, and objection, this court finds Judge Jones is correct that the proposed Complaint contains allegations and claims raised in prior proceedings and will adopt his recommendation to deny Plaintiff leave to file the proposed Complaint (DE 1-1). A comparison of the 2019 Complaint and the 2021 Complaint reveal that Plaintiff has named as Defendants in this case four of the five same persons/entities named in the 2019 action, describes the same factual background involving the bankruptcy proceeding before Judge Reidinger and Wells Fargo's "decades-long scheme to confiscate plaintiff's entire estate," and asserts claims for violations of the Fourth, Fifth, and Fourteenth Amendments as well as RICO. In fact, much of the 2021 Complaint is substantially similar, if not identical, to the 2019 Complaint. *Compare* 2019 Complaint at 23-27 *with* 2021 Complaint at 28-32. While the 2021 Complaint lists defendants and contains allegations not listed or contained in the 2019 Complaint, the fact that the new pleading contains prior claims and allegations brings it within the scope of Judge Seymour's pre-filing injunction.

Plaintiff notes in the proposed 2021 Complaint that, after she filed the 2019 action, she was hospitalized with pneumonia and unable to "complete her paperwork for that case." DE 1-1 at 27 n.3. Plaintiff claims that Judge Seymour's prefiling injunction is "invalid" because the case "lacked service of summons" and, thus, the case was "unlawful." *Id.* Plaintiff is incorrect. In issuing the pre-filing injunction, Judge Seymour granted a motion by defendant Wells Fargo, which, apparently, had received notice of the action and waived service of the summons and complaint by responding to the operative pleading seeking dismissal based on Rule 12(b)(1) and

3

Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(h)(1). The pre-filing injunction issued in the 2019 action is not invalid.

Like all other litigants, Plaintiff must comply with court orders and applicable substantive and procedural court rules. *See Lutfi v. Training Etc, Inc.*, 787 F. App'x 190, 191 (4th Cir. 2019) (citing Fed. R. Civ. P. 41(b) for the proposition that "a court may dismiss an action based on a plaintiff's failure to comply with any order"); *see also United States v. Beckton*, 740 F.3d 303, 306 (4th Cir. 2014) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) (explaining that self-representation is not a license to ignore "relevant rules of procedural and substantive law.")). Based on Plaintiff's failure to comply with the pre-filing injunction,

IT IS ORDERED that, for good cause shown, Plaintiff's motion seeking a three-day extension of time in which to file an objection to the recommendation [DE 6] is GRANTED. The court has considered Plaintiff's objection, OVERRULES it, and ADOPTS Magistrate Judge Jones' recommendation. Plaintiff is DENIED leave to file the proposed Complaint [DE 1-1] and this matter is DISMISSED WITHOUT PREJUDICE. The Clerk of the Court is directed to close this case.

SO ORDERED this 19th day of September, 2021.

Richard E Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE